IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT DELAWARE

| | |
|---|---|
| NCR CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. _____ |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| DOCUMOTION RESEARCH, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff NCR Corporation ("NCR" or "Plaintiff"), by and through its counsel, for its Complaint against Defendant Documotion Research, Inc. states as follows:

## NATURE OF ACTION

1. This is an action under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, for infringement by Defendant Documotion Research, Inc. ("Documotion" or "Defendant") of NCR's United States Patent Nos. 7,588,811; 7,820,264; and 8,537,184 (collectively, the "Patents-in-Suit"); copies of which are attached hereto as Exhibits A, B, and C.

## THE PARTIES

2. NCR is a Maryland corporation having its world headquarters at 3097 Satellite Blvd., Duluth, GA 30096.

3. On information and belief, Defendant Documotion is a Delaware corporation with its principal place of business at 2020 S. Eastwood Avenue, Santa Ana, CA 92705. Documotion may be served via its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Documotion is subject to this Court's specific and general personal jurisdiction due at least to its incorporation in Delaware. Documotion's registered agent in Delaware is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808.

6. Defendant has purposefully availed itself of the benefits of the state of Delaware by incorporating therein, and the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

## THE PATENTS

8. NCR is the owner by assignment of all right, title, and interest in and to United States Patent No. 7,588,811 (the "'811 patent"), entitled "Columnar Adhesive Label Roll." The '811 patent duly and lawfully issued to NCR on September 15, 2009. A true and correct copy of the '811 patent is attached to this Complaint as Exhibit A.

9. NCR is the owner by assignment of all right, title, and interest in and to United States Patent No. 7,820,264 (the "'264 patent"), entitled "Idle Registered Label Roll." The '264 patent duly and lawfully issued to NCR on October 26, 2010. A true and correct copy of the '264 patent is attached to this Complaint as Exhibit B.

10. NCR is the owner by assignment of all right, title, and interest in and to United States Patent No. 8,537,184 (the "'184 patent"), entitled "Linerless Labels." The '184 patent

duly and lawfully issued to NCR on September 17, 2013. A true and correct copy of the '184 patent is attached to this Complaint as Exhibit C.

## BACKGROUND OF THE PATENTS-IN-SUIT AND DOCUMOTION'S INFRINGEMENT

11. NCR is the global leader in the consumer transaction technologies that allow companies to more easily transact business with their customers. NCR's portfolio of software, hardware and services drive more than 450 million consumer transactions every day. These solutions help businesses around the world increase their revenue, build loyalty, reach new customers, and lower their costs of operation.

12. Over the course of NCR's 130 year history, NCR has been a leading innovator in these consumer transaction technologies. Since 1975, NCR has been granted over 3500 patents globally and today has over 1700 pending patent applications. Many of these patents cover pioneering technologies, including for example, wireless networks, LCDs, signature capture, e-commerce enabling technologies, and 2-sided thermal printing.

13. This innovation is found in all of NCR's lines of business, including NCR's Interactive Printer Solutions division. Since its founding in 1884, NCR has been developing innovative media and paper products for its business customers. NCR developed the concept of using receipts to record consumer transactions; NCR invented and developed the multi-part, carbonless forms known as "NCR paper;" NCR invented two-sided thermal printing and media; and NCR invented and developed its custom food/beverage order product known as "NCR Sticky-Media," the media which is the subject of Documotion's infringement and NCR's Patents-in-Suit.

14. NCR's Sticky Media is receipt media and pressure-sensitive, linerless label in one. Sticky Media allows companies, like quick service restaurants, to efficiently label, identify and track goods in a single, linerless media product.

15. NCR's innovative Sticky Media product was born from NCR's recognition of the operational pressures facing quick service restaurants stemming from growing menu choices, custom orders and increased to-go traffic, as well as its recognition that prior solutions were unacceptable. A label was needed that could be easily printed and then placed on these many menu items and special orders to identify and correctly fill orders. Labels with liners proved unacceptable because the liners once removed from the label had to be discarded. Even prior linerless label rolls were unacceptable because the adhesive on the reverse of the label roll would gum up point-of-sale (POS) printers and create printer failures and down time.

16. NCR recognized the need for a linerless label roll with an adhesive that would not gum up POS printers. From that recognition, NCR conceived and developed the solutions disclosed and claimed in the Patents-in-Suit.

17. Today, NCR is providing its Sticky Media product to at least six national quick service restaurants. Its Sticky Media product is used by quick service restaurants in virtually every state of the United States, and is used by at least McDonald's and Chick-fil-A restaurants in this judicial district.

18. Documotion has had knowledge of the '811 and '264 patents since at least August 14, 2013 and the '184 patent since at least September 19, 2013.

19. On February 21, 2014 by memorandum to NCR, McDonald's USA LLC ("McDonald's") advised NCR that McDonald's would be piloting Documotion's infringing labels ("Accused Labels") in "1750 restaurants across three Markets – Southern California (70),

Stratford, CT (50), and Tampa, FL (57)" (the "Documotion Pilot"). McDonald's further advised NCR that NCR's Sticky Media would be "unavailable for order fulfillment" in these markets during the Documotion Pilot. A copy of the memorandum is attached to this Complaint as Exhibit D.

20. Upon information and belief, on or about March 3, 2014, Documotion provided the Accused Labels for distribution to about 1700 McDonald's restaurants in California, Florida, Texas, Connecticut, and New York.

21. On or about March 10, 2014, NCR obtained samples of the Accused Labels from a McDonald's restaurant participating in the Documotion Pilot. Upon information and belief, Documotion provided to McDonald's the label media from which this sample was made. A true and correct copy of the sample is attached to this Complaint as Exhibit E (the glue pattern was darkened so that the pattern could be seen in the copy).

## COUNT I
### (Infringement of United States Patent No. 7,588,811)

22. NCR realleges and incorporates herein by reference the allegations set forth in Paragraphs 1-21 of this Complaint.

23. NCR is the lawful owner of the '811 patent, and possess all right, title, and interest in the '811 patent including the right to enforce the '811 patent, and the right to sue Defendant for infringement and recover damages.

24. Defendant directly infringes, literally or under the doctrine of equivalents, the '811 patent by, without authority, making, using, importing, selling, or offering to sell linerless labels, including those Accused Labels provided to McDonald's in the Documotion Pilot, covered by one or more claims of the '811 patent in the United States, in violation of 35 U.S.C. § 271(a).

5

25. Defendant has known that at least one of its customers, McDonald's, uses the Accused Labels in a manner that infringes one or more claims of the '811 patent, since at least the date of commencement of the Documotion Pilot on or about March 3, 2014.

26. Defendant indirectly infringes the '811 patent within the United States by inducement under 35 U.S.C. § 271(b). Since learning of the '811 patent, Defendant has knowingly and intentionally induced others, including at least McDonald's, to use linerless labels covered by one or more claims of the '811 patent. Upon information and belief, Defendant induced such infringement by, *inter alia,* touting the advantages achieved by linerless labels covered by the claims of the Patents-in-Suit.

27. Defendant indirectly infringes the '811 patent within the United States by contributing to direct infringement of the '811 patent under 35 U.S.C. § 271(c). Upon information and belief, Defendant contributed to the infringement of the '811 patent by providing linerless labels to others, including the Accused Labels to McDonald's, knowing that such linerless labels could only be used in a manner that would infringe one or more claims of the '811 patent and that such linerless labels have no substantial non-infringing use.

28. NCR has been and continues to be injured by Defendant's infringement of the '811 patent. NCR is entitled to recover damages adequate to compensate it for Defendant's infringing activities in an amount to be determined at trial but in no event less than a reasonable royalty.

29. On information and belief, Defendant is willfully infringing the '811 patent. Defendant has acted knowingly or with reckless disregard despite an objectively high likelihood that its actions constitute infringement of NCR's patent rights. Defendant knew of or should have known of this objectively high risk.

30. Unless enjoined by this Court, Defendant's acts of infringement will continue to irreparably damage NCR.

## COUNT II
## (Infringement of United States Patent No. 7,820,264)

31. NCR realleges and incorporates herein by reference the allegations set forth in Paragraphs 1-30 of this Complaint.

32. NCR is the lawful owner of the '264 patent, and possess all right, title, and interest in the '264 patent including the right to enforce the '264 patent, and the right to sue Defendant for infringement and recover damages.

33. Defendant directly infringes, literally or under the doctrine of equivalents, the '264 patent by, without authority, making, using, importing, selling, or offering to sell linerless labels, including the Accused Labels provided to McDonald's in the Documotion Pilot, covered by one or more claims of the '264 patent in the United States, in violation of 35 U.S.C. § 271(a).

34. Defendant has known that at least one of its customers, McDonald's, uses the Accused Labels in a manner that infringes one or more claims of the '264 patent, since at least the date of commencement of the Documotion Pilot on or about March 3, 2014.

35. Defendant indirectly infringes the '264 patent within the United States by inducement under 35 U.S.C. § 271(b). Since learning of the '264 patent, Defendant has knowingly and intentionally induced others, including at least McDonald's, to use linerless labels covered by one or more claims of the '264 patent. Upon information and belief, Defendant induced such infringement by, *inter alia,* touting the advantages achieved by linerless labels covered by the claims of the Patents-in-Suit.

36. Defendant indirectly infringes the '264 patent within the United States by contributing to direct infringement of the '264 patent under 35 U.S.C. § 271(c). Upon

information and belief, Defendant contributed to the infringement of the '264 patent by providing linerless labels to others, including the Accused Labels to McDonald's, knowing that such linerless labels could only be used in a manner that would infringe one or more claims of the '264 patent and that such linerless labels have no substantial non-infringing use.

37. NCR has been and continues to be injured by Defendant's infringement of the '264 patent. NCR is entitled to recover damages adequate to compensate it for Defendant's infringing activities in an amount to be determined at trial but in no event less than a reasonable royalty.

38. On information and belief, Defendant is willfully infringing the '264 patent. Defendant has acted knowingly or with reckless disregard despite an objectively high likelihood that its actions constitute infringement of NCR's patent rights. Defendant knew of or should have known of this objectively high risk.

39. Unless enjoined by this Court, Defendant's acts of infringement will continue to irreparably damage NCR.

## COUNT III
### (Infringement of United States Patent No. 8,537,184)

40. NCR realleges and incorporates herein by reference the allegations set forth in Paragraphs 1-39 of this Complaint.

41. NCR is the lawful owner of the '184 patent, and possess all right, title, and interest in the '184 patent including the right to enforce the '184 patent, and the right to sue Defendant for infringement and recover damages.

42. Defendant directly infringes, literally or under the doctrine of equivalents, the '184 patent by, without authority, making, using, importing, selling, or offering to sell linerless

labels, including the Accused Labels provided to McDonald's in the Documotion Pilot, covered by one or more claims of the '184 patent in the United States, in violation of 35 U.S.C. § 271(a).

43. Defendant has known that at least one of its customers, McDonald's, uses the Accused Labels in a manner that infringes one or more claims of the '184 patent, since at least the date of commencement of the Documotion Pilot on or about March 3, 2014.

44. Defendant indirectly infringes the '184 patent within the United States by inducement under 35 U.S.C. § 271(b). Since learning of the '184 patent, Defendant has knowingly and intentionally induced others, including at least McDonald's, to use linerless labels covered by one or more claims of the '184 patent. Upon information and belief, Defendant induced such infringement by, *inter alia,* touting the advantages achieved by linerless labels covered by the claims of the Patents-in-Suit.

45. Defendant indirectly infringes the '184 patent within the United States by contributing to direct infringement of the '184 patent under 35 U.S.C. § 271(c). Upon information and belief, Defendant contributed to the infringement of the '184 patent by providing linerless labels to others, including the Accused Labels to McDonald's, knowing that such linerless labels could only be used in a manner that would infringe one or more claims of the '184 patent and that such linerless labels have no substantial non-infringing use.

46. NCR has been and continues to be injured by Defendant's infringement of the '184 patent. NCR is entitled to recover damages adequate to compensate it for Defendant's infringing activities in an amount to be determined at trial but in no event less than a reasonable royalty.

47. On information and belief, Defendant is willfully infringing the '184 patent. Defendant has acted knowingly or with reckless disregard despite an objectively high likelihood

that its actions constitute infringement of NCR's patent rights. Defendant knew of or should have known of this objectively high risk.

48. Unless enjoined by this Court, Defendant's acts of infringement will continue to irreparably damage NCR.

## **PRAYER FOR RELIEF**

WHEREFORE, NCR respectfully prays that this Court:

a. Enter judgment that one or more claims of the Patents-in-Suit have been infringed, directly or indirectly, and either literally and/or under the doctrine of equivalents, by the Defendant;

b. Grant a permanent injunction, pursuant to 35 U.S.C. § 283, restraining and enjoining Defendant and its officers, directors, agents, servants, employees, successors, assigns, parents, subsidiaries, affiliated or related companies, and attorneys from directly or indirectly infringing one or more of the Patents-in-Suit;

c. Award NCR damages pursuant to 35 U.S.C. § 284 in an amount sufficient to compensate NCR for Defendant's infringement of the Patents-in-Suit, but not less than a reasonable royalty, together with interests and costs, including both compensatory damages and treble damages for defendants' willful infringement

d. Award prejudgment interest and post-judgment interest on its damages;

e. Declare this case an exceptional case and award NCR its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

f. Grant such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

NCR hereby demands a jury trial on all issues appropriately triable by a jury.

|  |  |
|---|---|
| | Respectfully submitted, |
| OF COUNSEL: | */s/ John W. Shaw* |
| Russell Korn | John W. Shaw (No. 3362) |
| Rodney Miller | SHAW KELLER LLP |
| KILPATRICK TOWNSEND & STOCKTON LLP | 300 Delaware Avenue, Suite 1120 |
| 1100 Peachtree Street NE, Suite 2800 | Wilmington, DE 19801 |
| Atlanta, GA 30309 | (302) 298-0700 |
| | jshaw@shawkeller.com |
| Peter Boyle | *Attorneys for Plaintiff NCR Corporation* |
| KILPATRICK TOWNSEND & STOCKTON LLP | |
| 607 14th Street NW | |
| Washington, D.C. 20005 | |

Dated: March 31, 2014