IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NCR CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 14-395-GMS |
| | ) | |
| DOCUMOTION RESEARCH, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

**DOCUMOTION RESEARCH, INC.'S ANSWER AND COUNTERCLAIMS
TO NCR CORPORATION'S AMENDED COMPLAINT**

Defendant Documotion Research, Inc. ("DRI"), by and through its counsel, hereby responds to the allegations in the Amended Complaint for Patent Infringement ("Amended Complaint") of plaintiff NCR Corporation ("NCR") as follows:

**NATURE OF ACTION**

1.  DRI admits that NCR purports to assert a claim under the patent laws of the United States, 35 U.S.C. § 1, et seq., for infringement of NCR's United States Patent Nos. 7,588,811; 7,820,264; 8,537,184, and 8,711,190 (collectively, the "Patents-in-Suit"), and that NCR purported to attach copies of the patents-in-suit to the Amended Complaint as Exhibits A, B, C, and D. DRI denies the remaining allegations of paragraph 1 of the Amended Complaint.

**THE PARTIES**

2.  DRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Amended Complaint and therefore denies all of those allegations.

3.  Admitted.

## JURISDICTION AND VENUE

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

## THE PATENTS

8. DRI admits that United States Patent No. 7,588,811 (the "'811 patent") is entitled "Columnar Adhesive Label Roll," and states on its face that it was issued on September 15, 2009, and that a copy of the '811 patent is attached to the Amended Complaint as Exhibit A. DRI denies the remaining allegations of paragraph 8.

9. DRI admits that United States Patent No. 7,820,264 (the "'264 patent") is entitled "Idle Registered Label Roll," and states on its face that it was issued on October 26, 2010, and that a copy of the '264 patent is attached to the Amended Complaint as Exhibit B. DRI denies the remaining allegations of paragraph 9.

10. DRI admits that United States Patent No. 8,537,184 (the "'184 patent") is entitled "Linerless Labels," and states on its face that it was issued on September 17, 2013, and that a copy of the '184 patent is attached to the Amended Complaint as Exhibit C. DRI denies the remaining allegations of paragraph 10.

11. DRI admits that United States Patent No. 8,711,190 (the "'190 patent") is entitled "Linerless Labels," and states on its face that it was issued on April 29, 2014, and that a copy of the '190 patent is attached to the Amended Complaint as Exhibit D. DRI denies the remaining allegations of paragraph 11.

## BACKGROUND OF THE PATENTS-IN-SUIT AND DRI'S PURPORTED INFRINGEMENT

12. DRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Amended Complaint and therefore denies all of those allegations.

13. DRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Amended Complaint and therefore denies all of those allegations.

14. DRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Amended Complaint and therefore denies all of those allegations.

15. DRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Amended Complaint and therefore denies all of those allegations.

16. DRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Amended Complaint and therefore denies all of those allegations.

17. DRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Amended Complaint and therefore denies all of those allegations.

18. DRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Amended Complaint and therefore denies all of those allegations.

19. Admitted.

20. DRI admits that Exhibit E to the Amended Complaint purports to be a memorandum dated February 21, 2014 from McDonald's USA LLC (McDonald's) to NCR informing NCR that McDonald's would be piloting DRI's labels in "1750 restaurants across three Markets – Southern California (70), Stratford CT (50), and Tampa, FL (57)" and that NCR's Sticky Media would be "unavailable for order fulfillment." DRI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 of the Amended Complaint and therefore denies all of those allegations.

21. DRI admits that it provided labels on or about March 3, 2014, for distribution to McDonald's restaurants in California, Florida, Connecticut and New York. DRI denies the remaining allegations of paragraph 21.

22. DRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Amended Complaint and therefore denies all of those allegations.

## COUNT I

### (Infringement of United States Patent No. 7,588,811)

23. DRI realleges and incorporates herein by reference its responses set forth in Paragraphs 1-22 above.

24. DRI denies that NCR has the right to sue DRI and recover damages. DRI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 of the Amended Complaint and therefore denies them.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

## COUNT II

### (Infringement of United States Patent No. 7,820,264)

32. DRI realleges and incorporates herein by reference its responses set forth in Paragraphs 1-31 above.

33. DRI denies that NCR has the right to sue DRI and recover damages. DRI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33 of the Amended Complaint and therefore denies them.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

## COUNT III

### (Infringement of United States Patent No. 8,537,184)

41. DRI realleges and incorporates herein by reference its responses set forth in Paragraphs 1-40 above.

42. DRI denies that NCR has the right to sue DRI and recover damages. DRI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 42 of the Amended Complaint and therefore denies them.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

## COUNT IV

### (Infringement of United States Patent No. 8,711,190)

50. DRI realleges and incorporates herein by reference its responses set forth in Paragraphs 1-49 above.

51. DRI denies that NCR has the right to sue DRI and recover damages. DRI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 51 of the Amended Complaint and therefore denies them.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

## RESPONSE TO NCR'S PRAYER FOR RELIEF

In response to NCR's Prayer for Relief, DRI denies that NCR is entitled to any relief, and in particular to any of the relief requested in paragraphs a through f of NCR's Prayer for Relief.

## ADDITIONAL DEFENSES

Without admitting any allegations of the Amended Complaint not otherwise admitted and without altering any burdens of proof, DRI alleges and asserts the following defenses in response to the allegations of the Amended Complaint:

## FIRST DEFENSE

### (Patent Invalidity)

58. One or more claims of the Patents-in-Suit are invalid for failure to comply with the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

## SECOND DEFENSE

### (Non-Infringement)

59. The Patents-in-Suit are not infringed because DRI does not make, use, sell, offer for sale, or import into the United States, and has not made used, sold, offered for sale, or imported into the United States any products or methods that infringe any valid claims of the Patents-in-Suit literally, under the doctrine of equivalents, directly, contributorily, by inducement, or in any other manner.

60. One or more of the Patents-in-Suit are not infringed because the accused products and/or methods are so far changed in principle from the patented articles that to the extent they perform the same or a similar function, that function is performed in a substantially different way.

### THIRD DEFENSE

### (Prosecution History Estoppel)

61. NCR is estopped, based on statements, representations, and admissions made during prosecution of the application that led to the Patents-in-Suit, from asserting any interpretation of the claims of the Patents-in-Suit that would be broad enough to cover DRI products and methods alleged to infringe the Patents-in-Suit, either literally or under the doctrine of equivalents.

### FOURTH DEFENSE

### (Estoppel, Laches, Unclean Hands and Waiver)

62. NCR's patent infringement claims are barred by the doctrines of estoppel, laches, unclean hands, disclaimer and/or waiver.

### FIFTH DEFENSE

### (Limitation of Damages)

63. NCR's claim for damages is limited under at least 35 U.S.C. §§ 287 and/or 288.

### SIXTH DEFENSE

### (Failure to State a Claim)

64. The Amended Complaint fails to state a claim upon which relief may be granted.

### RESERVATION OF ADDITIONAL DEFENSES

65. DRI's investigation of this matter is ongoing. DRI reserves all defenses under the Federal Rules of Civil Procedure, the patent laws of the United States, other applicable state of federal laws, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## COUNTERCLAIMS

For its counterclaims against NCR, DRI avers as follows:

### JURISDICTION AND VENUE

1. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201 and 2202.

2. Personal jurisdiction and venue is properly exercised over NCR in this District.

### BACKGROUND

3. NCR filed suit alleging that DRI is infringing the Patents-in-Suit, including United States Patent No. 7,588,811 ("the '811 Patent"); United States Patent No. 7,820,264 ("the '264 Patent"); United States Patent No. 8,537,184 ("the '184 Patent"); and United States Patent No. 8,711,190 ("the '190 Patent").

4. DRI denies that it infringes or has infringed in the past any valid claim of the Patents-in-Suit. DRI also asserts that one or more claims of the Patents-in-Suit are invalid.

5. Based on the foregoing, there is an actual, immediate, justiciable controversy between NCR and DRI as to the validity and infringement of the Patents-in-Suit.

### FIRST COUNTERCLAIM

#### (Declaratory Judgment of Invalidity of the '811 Patent)

6. DRI repeats and realleges Paragraphs 1-5 of the Counterclaims as if fully set forth herein.

7. The '811 Patent is invalid for failing to comply with the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

8. Based on the foregoing, there is an actual, immediate, and justiciable controversy between NCR and DRI as to the validity of the '811 Patent.

### SECOND COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '811 Patent)

9. DRI repeats and realleges Paragraphs 1-8 of the Counterclaims as if fully set forth herein.

10. The '811 Patent is not infringed because DRI does not make, use, sell, offer for sale, or import into the United States, and has not made used, sold, offered for sale, or imported into the United States any products or methods that infringe any valid claims of the '811 Patent, literally, under the doctrine of equivalents, directly, contributorily, by inducement, or in any other manner.

11. Based on the foregoing, there is an actual, immediate, justiciable controversy between NCR and DRI as to infringement of the '811 Patent.

### THIRD COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '264 Patent)

12. DRI repeats and realleges Paragraphs 1-11 of the Counterclaims as if fully set forth herein.

13. The '264 Patent is invalid for failing to comply with the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

14. Based on the foregoing, there is an actual, immediate, and justiciable controversy between NCR and DRI as to the validity of the '264 Patent.

## FOURTH COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '264 Patent)

15. DRI repeats and realleges Paragraphs 1-14 of the Counterclaims as if fully set forth herein.

16. The '264 Patent is not infringed because DRI does not make, use, sell, offer for sale, or import into the United States, and has not made used, sold, offered for sale, or imported into the United States any products or methods that infringe any valid claims of the '264 Patent, literally, under the doctrine of equivalents, directly, contributorily, by inducement, or in any other manner.

17. Based on the foregoing, there is an actual, immediate, justiciable controversy between NCR and DRI as to infringement of the '264 Patent.

## FIFTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '184 Patent)

18. DRI repeats and realleges Paragraphs 1-17 of the Counterclaims as if fully set forth herein.

19. The '184 Patent is invalid for failing to comply with the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

20. Based on the foregoing, there is an actual, immediate, and justiciable controversy between NCR and DRI as to the validity of the '184 Patent.

## SIXTH COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '184 Patent)

21. DRI repeats and realleges Paragraphs 1-20 of the Counterclaims as if fully set forth herein.

22. The '184 Patent is not infringed because DRI does not make, use, sell, offer for sale, or import into the United States, and has not made used, sold, offered for sale, or imported into the United States any products or methods that infringe any valid claims of the '184 Patent, literally, under the doctrine of equivalents, directly, contributorily, by inducement, or in any other manner.

23. Based on the foregoing, there is an actual, immediate, justiciable controversy between NCR and DRI as to infringement of the '184 Patent.

## SEVENTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '190 Patent)

24. DRI repeats and realleges Paragraphs 1-23 of the Counterclaims as if fully set forth herein.

25. The '190 Patent is invalid for failing to comply with the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

26. Based on the foregoing, there is an actual, immediate, and justiciable controversy between NCR and DRI as to the validity of the '190 Patent.

## EIGHTH COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '190 Patent)

27. DRI repeats and realleges Paragraphs 1-26 of the Counterclaims as if fully set forth herein.

28. The '190 Patent is not infringed because DRI does not make, use, sell, offer for sale, or import into the United States, and has not made used, sold, offered for sale, or imported into the United States any products or methods that infringe any valid claims of the '190 Patent,

literally, under the doctrine of equivalents, directly, contributorily, by inducement, or in any other manner.

29. Based on the foregoing, there is an actual, immediate, justiciable controversy between NCR and DRI as to infringement of the '190 Patent.

## DRI'S PRAYER FOR RELIEF

DRI requests that the Court enter such preliminary and final orders and judgments as are necessary to provide DRI with the following relief:

A. That NCR take nothing by reason of the Amended Complaint, and that judgment be entered in favor of DRI;

B. A judicial declaration that one or more claims of the '811 Patent are invalid;

C. A judicial declaration that DRI has not infringed, directly or indirectly, any claim of the '811 Patent;

D. A judicial declaration that one or more claims of the '264 Patent are invalid;

E. A judicial declaration that DRI has not infringed, directly or indirectly, any claim of the '264 Patent;

F. A judicial declaration that one or more claims of the '184 Patent are invalid;

G. A judicial declaration that DRI has not infringed, directly or indirectly, any claim of the '184 Patent;

H. A judicial declaration that one or more claims of the '190 Patent are invalid;

I. A judicial declaration that DRI has not infringed, directly or indirectly, any claim of the '190 Patent;

J. Judgment that this is an exceptional case and an award of DRI's attorneys' fees and costs pursuant to 35 U.S.C. 285; and

K. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

DRI hereby demands a jury trial on all issues appropriately triable by a jury.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Lester J. Savit
One llp
4000 Mac Arthur Blvd.
East Tower, Suite 500
Newport Beach, CA 92660
(949) 502-2870

John E. Lord
One llp
9301 Wilshire Blvd.
Penthouse Suite
Beverly Hills, CA 90210
(310) 866-5157

Dated: June 19, 2014
1156468

By: /s/ Philip A. Rovner
    Philip A. Rovner (#3215)
    Jonathan A. Choa (#5319)
    Hercules Plaza
    P.O. Box 951
    Wilmington, DE 19899
    (302) 984-6000
    provner@potteranderson.com
    jchoa@potteranderson.com

*Attorneys for Defendant
Documotion Research, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that, on June 19, 2014, the within document was electronically filed with the Clerk of the Court using CM-ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading from CM-ECF.

I further certify that on June 19, 2014, the within document was electronically mailed to the following persons:

### BY E-MAIL

John W. Shaw, Esq.
Shaw Keller LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
jshaw@shawkeller.com

Russell Korn, Esq.
Rodney Miller, Esq.
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309
RMiller@kilpatricktownsend.com
Rkorn@kilpatricktownsend.com

Peter Boyle, Esq.
Kilpatrick Townsend & Stockton LLP
607 14th Street NW
Washington, DC 20005
Pboyle@kilpatricktownsend.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com