IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT DELAWARE

| | |
|---|---|
| NCR CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 14-395-GMS |
| | ) |
| DOCUMOTION RESEARCH, INC., | ) |
| | ) |
| Defendant. | ) |

## JOINT STATUS REPORT

Plaintiff NCR Corporation ("NCR") and defendant Documotion Research, Inc. ("Documotion") submit this Joint Status Report in accordance with Rule 26 of the Federal Rules of Civil Procedure and the Court's August 26, 2014 Order.

**1. Jurisdiction and Service**

NCR first filed this case against Documotion on March 31, 2014. NCR amended its complaint on May 13, 2014. Documotion answered the Amended Complaint and filed counterclaims on June 19, 2014. NCR answered the counterclaims on July 8, 2014.

The parties agree that the Court has jurisdiction over the subject matter of, and the parties to, this action. All parties to this action have been served.

2. **Substance of the Action**

a) **NCR's Position**

NCR brought this case against Documotion alleging infringement of four patents: United States Patent No. 7,588,811 (the '811 patent), United States Patent No. 7,820,264 (the '264 patent), United States Patent No. 8,537,184 (the '184 patent), and United States Patent No. 8,711,190 (the '190 patent), collectively the Patents-in-Suit. NCR is the lawful owner of the Patents-in-Suit.

NCR alleges that Documotion is infringing the Patents-in-Suit by, without authority, making, using, importing, selling, or offering to sell linerless labels covered by one or more claims of each of these patents, including without limitation, labels provided to McDonald's in that company's pilot of Documotion's labels. Moreover, Documotion has indirectly infringed the Patents-in-Suit within the United States by inducement under 35 U.S.C. § 271(b), and has contributed to direct infringement of the '811 patent, '264 patent, and '184 patent under 35 U.S.C. § 271(c).

  **b)  Documotion's Position**

Documotion denies that it infringes the Patents-in-Suit, denies that the claims of the Patents-in-Suit are valid, and seeks a declaratory judgment that NCR's patents are not infringed by Documotion, and that they are invalid. Documotion also asserts the defenses of, for example, prosecution history estoppel, laches, unclean hands, waiver, estoppel, and limitation of damages. Documotion further asserts that NCR is not entitled to injunctive relief. Documotion seeks attorneys' fees.

  3. **Identification of the Issues**

The legal and factual issues in genuine dispute are (a) the scope and construction of the claims of the Patents-in-Suit; (b) whether Documotion infringes one or more claims of the Patents-in-Suit; (c) whether any such infringement was willful; (d) whether the Patents-in-Suit are valid; (e) the defenses and counterclaims asserted by Documotion; (f) the damages to which NCR is entitled if Documotion is found to have infringed any valid claim of the Patents-in-Suit; (g) whether Documotion should be enjoined from future infringement of the Patents-in-Suit; and (h) whether either party should be awarded its reasonable attorneys' fees, costs, and disbursements.

4. **Narrowing of Issues**

The parties do not believe that the issues can be narrowed at this time and are unable to evaluate the possibility of which substantive issues may be narrowed by agreement or by dispositive motions until the parties conduct discovery. The parties will endeavor to stipulate to such facts and issues as are appropriate during the progress of the case.

5. **Relief**

NCR seeks a permanent injunction against any further infringement by Documotion, pursuant to 35 U.S.C.§ 283. NCR further seeks damages adequate to compensate it for Documotion's infringement of the Patents-in-Suit, including lost profits and price erosion damages, but in any event no less than a reasonable royalty, together with prejudgment and post-judgment interest, in accordance with 35 U.S.C. § 284. NCR also asks the Court to enter an order that Documotion's acts of infringement have been willful and awarding NCR treble damages for Documotion's acts of willful infringement, in accordance with 35 U.S.C. § 284. NCR further seeks recovery of its attorneys' fees, costs, and disbursements due to the exceptional nature of this case, in accordance with 35 U.S.C. § 285.

Documotion seeks a declaration that is has not infringed, and is not infringing, any valid claim of the Patents-in-Suit; a declaration that one or more claims of each of the Patents-in-Suit is invalid; a judgment in favor of Documotion and against NCR; and recovery of its attorneys' fees, costs, and disbursements incurred in this action, including under 35 U.S.C. § 285.

6. **Amendment of Pleadings**

The proposed deadline for amendment to the pleadings is set forth in Section 8 below. At this time, the parties are not aware of any amendments needed to the pleadings.

7. **Joinder of Parties**

The proposed deadline for joinder of additional parties is set forth in Section 8 below. At this time, the parties do not contemplate joining additional parties.

8. **Discovery**

a) The parties anticipate that third-party discovery will be necessary.

b) The nature of the case requires testimony from technical and economic experts, and the parties therefore anticipate taking expert discovery pursuant to Rule 26. The parties each anticipate requiring at least one technical expert and one damages expert.

c) The parties propose that the parties adhere to the limitations on discovery set forth in the Federal Rules of Civil Procedure and the Local Rules, except as further ordered by the Court, and except that the parties respectfully request: (i) that Requests for Admission shall be limited to seventy (70) per side, excluding Requests for Admission directed to authenticating documents; and (ii) that the court allow each party to take a maximum of sixty (60) hours of fact depositions of party witnesses (including 30(b)(6) and 30(b)(1) depositions).  Each fact deposition is limited to a maximum of seven (7) hours, except such limitation shall not apply to 30(b)(6) depositions.  Each deposition shall be subject to the limits as provided for by the Federal Rules.  The parties agree to cooperate to accommodate timely requests from the other to modify these limitations when reasonable.  If disputes arise that cannot be resolved between the parties, a party may seek an adjustment of these time limits from the court based upon good cause.  Depositions of experts will not count as part of these limitations.

The parties also propose that the court allow each party to take a maximum of twenty (20) hours of third-party fact depositions (including 30(b)(6) and 30(b)(1) depositions), and that each third-party deposition be limited to a maximum of seven (7) hours in length.

d) The parties offer the following proposed schedule for the timing of deadlines and events in the case.

| EVENT | AGREED DATE |
|---|---|
| Initial Disclosures | October 3, 2014 |
| Plaintiff preliminarily identifies the accused product(s) and each claim of each asserted patent allegedly infringed by each accused product.[1] | October 15, 2014 |
| Deadline to amend pleadings and/or join additional parties as set forth in the Federal Rules of Civil Procedure | November 7, 2014 |
| Production of core technical documents related to the accused products (*e.g.,* glue pattern and placement, labels, label paper)[2] | 30 days from plaintiffs' preliminary identification |
| Initial Infringement Contentions[3] | 30 days from production of core technical documents |
| Initial Invalidity Contentions[4] | 30 days from initial infringement contentions |
| Parties to exchange proposed claim terms in need of construction | March 21, 2015 |
| Deadline for parties to identify intent to rely on advice of counsel as defense to willful infringement and produce opinions of counsel and related documents | March 31, 2015 |
| Parties to exchange proposed constructions of the claim terms | April 7, 2015 |
| Parties to meet and confer regarding claim construction | April, 2015 |
| Parties file Joint Final Claim Chart | April 30, 2015 |
| Opening Claim Construction Briefs | May 14, 2015 |
| Answering Claim Construction Briefs and Joint Appendix of intrinsic evidence | June 15, 2015 |
| Claim Construction Hearing | July ___, 2015 |
| Deadline to complete fact discovery (all discovery requests must be served so as to be completed by this date) | September 30, 2015 |
| Opening Expert Reports (on issues that a party bears the burden of proof) | October 30, 2015 |
| Responsive Expert Reports | November 30, 2015 |
| Deadline to Complete expert discovery | January 29, 2016 |
| Opening Summary Judgment Letter Briefs | February 5, 2016 |
| Answering Summary Judgment Letter Briefs | February 19, 2016 |
| Reply Summary Judgment Letter Briefs | March 4, 2016 |

---

[1] Default Standard for Discovery Including Discovery of Electronically Stored Information ("ESI"), ¶ 4(a).
[2] *Id.* at ¶ 4(b)
[3] *Id.* at ¶ 4(c)
[4] *Id.* at ¶ 4(d)

| | |
|---|---|
| Summary Judgment Status Conference | Date to be set at discretion of the Court |
| Joint Pretrial Order | Date to be set at discretion of the Court |
| Pretrial Conference | Date to be set at discretion of the Court |
| Trial | Late summer, 2016 |

9. **Estimated Trial Length**

NCR estimate a seven-day trial. Documotion estimates a ten-day trial.

The parties do not believe that it is feasible or desirable to bifurcate issues for trial or use an alternative means of presenting evidence.

10. **Jury Trial**

The parties have requested a trial by jury on any issue triable of right by a jury.

11. **Settlement**

Prior to filing suit, NCR contacted Documotion and alleged that three of its patents were infringed, and Documotion responded but no resolution was reached. The parties request that the matter be referred to Magistrate Judge Thynge for mediation.

12. **Other Matters**

   a. Because confidential information will have to be exchanged in this action, the parties agree that a protective order will be necessary and will attempt to agree on the form of such an order.

13. **Confirmation of Rule 26(f) Conference**

Counsel for the parties have conferred about each of the above matters.

| | |
|---|---|
| */s/ David M. Fry* | */s/ Philip A. Rovner* |
| John W. Shaw (No. 3362) | Philip A. Rovner (No. 3215) |
| David M. Fry (No. 5486) | POTTER ANDERSON & CORROON LLP |
| SHAW KELLER LLP | Hercules Plaza |
| 300 Delaware Avenue, Suite 1120 | P.O. Box 951 |
| Wilmington, DE 19801 | Wilmington, DE 19899 |
| (302) 298-0700 | (302) 984-6000 |
| jshaw@shawkeller.com | provner@potteranderson.com |
| dfry@shawkeller.com | |
| | Lester J. Savit |
| Christina E. Fahmy | John E. Lord |
| Peter Boyle | ONE LLP |
| KILPATRICK TOWNSEND & STOCKTON LLP | 4000 MacArthur Blvd., East Tower, Suite 500 |
| 607 14th Street NW | Newport Beach, CA 92660 |
| Washington, D.C. 20005 | |
| | *Attorneys for Defendant Documotion* |
| *Attorneys for Plaintiff NCR Corporation* | *Research, Inc.* |

Dated: September 10, 2014