IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NCR CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 14-395-GMS |
| v. | ) | |
| | ) | |
| DOCUMOTION RESEARCH, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **SCHEDULING ORDER**

This _____ day of _____, 2014, the Court having conducted a Rule 16

Scheduling Conference pursuant to Local Rule 16.2(b) on September 15, 2014, and the parties

having determined after discussion that the matter cannot be resolved at this juncture by

settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1.     **Rule 26(a) Initial Disclosures.**  Unless otherwise agreed to by the parties, they

shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) by

**October 3, 2014**.

2.     **Joinder of other Parties and Amendment of Pleadings.**  All motions to join

other parties and amend the pleadings shall be filed on or before **November 7, 2014**.

3.     **Reliance Upon Advice of Counsel**.  Defendant shall inform plaintiff whether it

intends to rely upon advice of counsel as a defense to willful infringement on or before **March

31, 2015**.  If defendant elects to rely on advice of counsel as a defense to willful infringement,

defendant shall produce any such opinions on which defendant intends to rely to plaintiff on or

before **March 31, 2015**.

4.     ***Markman* Claim Construction Hearing.**  A *Markman* claim construction hearing shall be held on **October 1, 2015** at 9:30 a.m.  The *Markman* hearing is scheduled for a total of 3 hours with each side having 1.5 hours.  The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues on or before **April 24, 2015**. The parties shall exchange proposed terms for construction on **March 21, 2015**.  The parties shall exchange proposed constructions for such terms on or before **April 7, 2015**.  On or before **April 30, 2015**, the parties shall submit a Final Joint Claim Chart which shall include citations to intrinsic evidence.  The plaintiff shall submit to the Court, a Joint Appendix of Intrinsic Evidence (the "Joint Appendix") containing all intrinsic evidence relied upon in the claim construction briefing.  A sample table of contents of the Joint Appendix can be located on this court's website at www.ded.uscourts.gov.  The parties shall file opening claim construction briefs on **May 14, 2015**, and answering claim construction briefs on **June 15, 2015**.  Briefing will be presented pursuant to the Court's Local Rules.

5.     **Discovery.**  All fact discovery in this case shall be initiated so that it will be completed on or before **September 30, 2015**.  Opening expert reports on issues on which a party bears the burden of proof shall be served on or before **January 14, 2016**.  Rebuttal expert reports shall be served on or before **February 15, 2016**.  Expert Discovery in this case shall be initiated so that it will be completed on or before **March 31, 2016**.

a.    **Discovery and Scheduling Matters.**  Should counsel find they are unable to resolve a discovery[1] or scheduling matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference.  Not less than forty-eight hours prior to the

---

[1]     **Unless the court otherwise order, should counsel be unable to agree on the discovery of paper and electronic documents, the court's "Default Standard for Discovery, Including Discovery of Electronically Stored Information" ("ESI") shall govern.**

teleconference, the parties shall file with the court, via electronic means (CM/ECF), a Joint

Letter Agenda, which is non-argumentative, not to exceed two (2) pages outlining the issue(s) in

dispute.  A sample letter can be located on this court's website at www.ded.uscourts.gov.  After

the parties have had three (3) discovery teleconferences, they will be required to file a joint letter

showing good cause why the court should permit a fourth discovery teleconference.  Should the

court find further briefing necessary upon conclusion of the telephone conference, unless

otherwise directed, the party seeking relief shall file with the court a **TWO PAGE LETTER**,

exclusive of exhibits, describing the issues in contention.  The responding party shall file within

five (5) days from the date of service of the opening letter an answering letter of no more than

**TWO PAGES**.  The party seeking relief may then file a reply letter of no more than **TWO**

**PAGES** within three (3) days from the date of service of the answering letter.

   b.  **Requests for Admission.**  Requests for admission shall be limited to seventy (70)

per side, excluding Requests for Admission directed to authenticating documents.

   c.  **Depositions.**  Each party may take a maximum of sixty (60) hours of fact

depositions of party witnesses (including 30(b)(6) and 30(b)(1) depositions).  Each fact

deposition is limited to a maximum of seven (7) hours, except such limitation shall not apply to

30(b)(6) depositions. Each deposition shall be subject to the limits as provided for by the Federal

Rules.  The parties shall cooperate to accommodate timely requests from the other to modify

these limitations when reasonable.  If disputes arise that cannot be resolved between the parties,

a party may seek an adjustment of these time limits from the court based upon good cause.

Depositions of experts will not count as part of these limitations.  Each party may also take a

maximum of twenty (20) hours of third-party fact depositions (including 30(b)(6) and 30(b)(1)

depositions).  Each third-party deposition be limited to a maximum of seven (7) hours in length.

    d.  **Other Deadlines.**

        i.  The plaintiff shall preliminarily identify accused product(s) and each claim of each asserted patent allegedly infringed by each accused product under the Default Standard for Discovery Including Discovery of Electronically Stored Information, ¶4(a), on or before **October 15, 2014**.

        ii.  The defendant shall produce core technical documents related to the accused products (*e.g.*, glue pattern and placement, labels, label paper) under the Default Standard for Discovery Including Discovery of Electronically Stored Information, ¶4(b), within 30 days of plaintiff's preliminary identification of accused products and claims.

        iii.  The plaintiff shall provide its initial infringement contentions under the Default Standard for Discovery Including Discovery of Electronically Stored Information, ¶4(c), within 30 days of defendant's production of core technical documents.

        iv.  The defendant shall provide its initial invalidity contentions under the Default Standard for Discovery Including Discovery of Electronically Stored Information, ¶4(d), within 30 days of plaintiff's initial infringement contentions.

    6.  **Confidential Information and Papers filed under Seal.**  Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the court within ten (10) days from the date of this

order.  When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

**If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(a).**

       7.      **Settlement Conference.**  Pursuant to 28 U.S.C. §636, this matter is referred to the United States Magistrate Judge for the purpose of exploring the possibility of a settlement.  The parties shall wait to be contacted by the assigned United States Magistrate Judge.

       8.      **Summary Judgment Motions.**  Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion.  The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court no later than **April 8, 2016**.  Answering letter briefs shall be no longer than five (5) pages and filed with the court no later than **April 15, 2016**.  Reply letter briefs shall be no longer than three (3) pages and filed with the Court on or before **April 22, 2016**.  If the Court determines that argument is necessary to assist the resolution of any request to file summary judgment, it shall notify the parties of the date and time on which the Court will conduct a telephone conference to hear such argument. **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in this paragraph.**

       9.      **Case Dispositive Motions.**  To the extent permitted, all case or issue dispositive motions shall be served and filed within two weeks of the Court's decision to permit the filing of such motions.  Briefing will be presented pursuant to the Court's Local Rules.  The parties may agree on an alternative briefing schedule.  Any such agreement shall be in writing and filed with

the Court for the Court's approval.  Any request for extension of time as set forth in this

Scheduling Order **must** be accompanied by an explanation or your request will be denied.

10.     **Applications by Motion.**  Except as provided in this Scheduling Order or for

matters relating to scheduling, any application to the Court shall be by written motion filed, via

electronic means (CM/ECF).  Unless otherwise requested by the Court, counsel shall **not** deliver

copies of papers or correspondence to Chambers.  Any non-dispositive motion should contain the

statement required by Local Rule 7.1.1.

11.     **Oral Argument.**  If the Court believes that oral argument is necessary, the Court

will schedule a hearing Pursuant to District of Delaware Local Rule 7.1.4.

12.     **Pretrial Conference.**  On **June 30, 2016**, beginning at 10:00 a.m., the Court will

hold a Pretrial Conference, in Chambers for Jury trials and via telephone for Bench trials, with

counsel.  Unless otherwise ordered by the Court, the parties should assume that filing the Joint

Pretrial Order satisfied the pretrial disclosure requirement in Federal Rule of Civil Procedure

26(a)(3).  A sample form of Pretrial Order can be located on this court's website at

www.ded.uscourts.gov.  Thirty (30) days before the Joint Proposed Pretrial Order is due,

plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order containing the

information plaintiff proposed to include in the draft.  Defendant's counsel shall, in turn, provide

to plaintiff's counsel any comments on the plaintiff's draft, as well as the information defendant

proposes to include in the proposed pretrial order.  **Motions *in limine*[2]:  NO MOTION *IN***

***LIMINE* SHALL BE FILED**; instead, the parties shall be prepared to address their evidentiary

issues at the Pretrial Conference and during trial (before and after the trial day).  The parties shall

---

[2]     The parties should simply list, in an Exhibit to be attached to the Pretrial order, the issues
under a heading such as "Plaintiff's [name of party] List of Evidentiary Issues It Intends To
Raise."

file with the court the joint Proposed Final Pretrial Order in accordance with the terms and with the information required by the form of Final Pretrial Order, which can be located on this court's website at www.ded.uscourts.gov on or before 8:00 p.m. on **June 1, 2016**.

13.     **Trial.**  This matter is scheduled for a 7 day jury trial beginning at 9:30 a.m. on **July 11, 2016**.

14.     **Scheduling.**  The parties shall contact chambers, at (302) 573-6470, only in situations where scheduling relief is sought, and only then when ALL participating counsel is on the line for purposes of selecting a new date.

_____
The Honorable Gregory M. Sleet