IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NCR CORPORATION, | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 14-cv-395 (GMS) |
| DOCUMOTION RESEARCH, INC., | ) |
| Defendant. | ) |

**ORDER**

At Wilmington, this 29th day of June, 2016, having considered the parties' letter requests to move for summary judgment (D.I. 111; D.I. 112), the opposition letters (D.I. 117; D.I. 118), and the replies thereto (D.I. 124; D.I. 123);

IT IS HEREBY ORDERED that the letter requests to file motions for summary judgment are DENIED. There are disputes of material facts which raise genuine issues for trial.[1]

UNITED STATES DISTRICT JUDGE

---

[1] The court takes this opportunity to clarify a claim construction issue raised by the plaintiff's letter brief regarding infringement of claim 22 of U.S. Patent No. 7,588,811. The plaintiff contends that claim 22 requires only that "the patches in a single column must be closer to one edge of the web, not all the patches generally." (D.I. 111 at 3.) This is incorrect. In construing the "single column" terms, the court noted that terms "are preceded by the open terminology "comprising," "including," and "a," which do not foreclose the presence of another column." (D.I. 102 at 1.) This does not mean, however, that the intrinsic record imposes no limitations on the presence of additional patches. The intrinsic record requires any additional patches present must 1) be aligned in a "single column" and 2) meet the other limitations of the claims. To construe the terms otherwise would distend the scope of the claims beyond recognition. *See Spectrum Int'l, Inc. v. Sterilite Corp.*, 164 F.3d 1371, 1380 (Fed. Cir. 1998) ("'Comprising' is not a weasel word with which to abrogate claim limitations."). Therefore, "said patches" in claim 22 refers to any patches aligned in a "single column," even if there is more than one column present.